IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Crim. No. 1:06-1000-MBS |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| KEVIN ROBINSON | ) | |
| a/k/a Bone | ) | |
| _____ | ) | |

On September 13, 2006, an indictment against Defendant Kevin Robinson a/k/a Bone was filed. On August 28, 2007, a third superseding indictment was filed, in which Defendant was charged with fifteen offenses (Counts 1-4, 8, 9, 13, 16, 17, 18, 19, and 23 -26). A jury trial was held from September 24, 2007 through September 28, 2007. At the end of the Government's case in chief, Defendant's motion for acquittal with respect to the witness tampering offense (Count 16) and the obstruction of justice offense (Count 17) was granted and these two charges were dismissed. On September 28, 2007, the jury found Defendant not guilty on Count 8, one of the five offenses charging Defendant with knowingly using and carrying firearms during and in relation to, and possessing firearms in furtherance of a drug trafficking crime, and aiding and abetting in this offense in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2. The jury found Defendant guilty on the other twelve offenses with which he was charged (Counts 1-4, 9, 13, 18, 19, 23-26).

On October 9, 2007, Defendant filed a motion for new trial. On October 11, 2007, Defendant filed a supplement to his motion for new trial. On March 24, 2008, the Government filed a response in opposition to Defendant's motion for new trial. On April 3, 2008, Defendant filed a motion to set aside the verdict with respect to the offenses charging Defendant with violations of 18 U.S.C. § 924(c)(1) or Counts 2, 3, 9, and 25. On April 25, 2008, the Government filed a response in

opposition to Defendant's motion to set aside the verdict.[1] On April 30, 2008, a hearing was held on Defendant's motions for new trial and to set aside the verdict with respect to counts charging Defendant with violations of 18 U.S.C. § 924(c)(1). Defendant's motion for new trial was granted and Defendant's motion to set aside the verdict was denied as moot.

On May 13, 2008, the Government filed a motion for reconsideration of the court's order granting Defendant's motion for new trial. On May 29, 2008, the Government filed an amended motion for reconsideration of the court's order granting Defendant's motion for new trial. On June 25, 2008, a hearing was held on the Government's motion for reconsideration. The Government's motion for reconsideration was granted in part and denied in part. Defendant was granted a new trial with respect to Counts 18, 19, and 23 through 26.[2]

This matter is before the court on Defendant's second motion to dismiss the counts charging Defendant with violating 18 U.S.C. § 924(c) or Counts 2, 3, and 9. In Count 2, Defendant was charged with conspiring to knowingly use and carry firearms during and in relation to, and possessing firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c) and 924(o). In Counts 3 and 9, Defendant was charged with knowingly using and carrying firearms

---

[1] On April 1, 2008, the Government filed a motion to dismiss Counts 3 and 9 of the Third Superseding Indictment based upon the Supreme Court's decision in Watson v. United States, 128 S. Ct. 579 (2007). (Entry 745.) The Government withdrew its motion the following day based on United States v. Woods, 2008 U.S. App. LEXIS 6212 (4th Cir. March 26, 2008), in which the Fourth Circuit held that the "use" and "possession" prongs of 18 U.S.C. § 924(c) created separate offenses and that the trading of drugs for guns constituted possession under Section 924(c). (Entry 747.)

[2] On July 24, 2008, the Government filed a motion to dismiss Counts 18, 19, and 23 through 26 without prejudice. (Entry 833.) On August 6, 2008, the Government's motion was granted.

during and in relation to, and possessing firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) and aiding and abetting in this crime in violation of 18 U.S.C. § 2. Defendant filed his second motion to dismiss on June 30, 2008. (Entry 822.) The Government filed a response in opposition on the same day. A hearing was held on August 6, 2008.

## DISCUSSION

Defendant contends that his convictions on Counts 2, 3, and 9 for violations of Section 924(c) should be vacated because the evidence at trial was insufficient to support a conviction on these charges. Defendant argues that the Government's evidence showed that he received guns in exchange for giving drugs, which does not constitute use of firearms in furtherance of a drug trafficking crime pursuant to Watson v. United States, 128 S. Ct. 579 (2007)[3] and United States v. Purnell, 2008 U.S. App. LEXIS 5301 (4th Cir. March 12, 2008). Defendant concludes that because the evidence with respect to these offenses is insufficient, these convictions should be vacated.

Generally, a jury verdict should not be overturned "except in the rare circumstance when the evidence 'weighs heavily' against it." United States v. Smith, 451 F.3d 209, 217 (4th Cir. 2006)(quoting United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003)). When reviewing whether evidence in a criminal case is sufficient, the evidence should be viewed with a perspective that is most favorable to the prosecution. See Perry, 335 F.3d at 320 (citing Glasser v. United States, 315 U.S. 60, 80 (1942) and United States v. Bennafield, 287 F.3d 320, 324 (4th Cir. 2002)). After viewing the evidence in a light most favorable to the prosecution, the relevant question is whether

---

[3] The Watson case was decided approximately two months after the trial in this case ended. Arguments were made before the Supreme Court on October 9, 2007 and the Supreme Court issued its decision on December 10, 2007. See Watson v. United States, 128 S. Ct. 579 (2007).

3

"*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." See United States v. Chorman, 910 F.2d 102, 103 (4th Cir. 1990)(citing Jackson v. Virginia, 443 U.S. 308, 319 (1979)(emphasis in original)). When there is substantial evidence supporting a guilty verdict, the conviction must be upheld. Perry, 335 F.3d at 320.

In Watson, the Supreme Court held that when an individual receives a firearm in exchange for drugs, he does not "use" that firearm during and in relation to a drug trafficking crime for purposes of 18 U.S.C. § 924(c). See Watson, 128 S. Ct. at 586. The Watson Court further stated that the person who gives a gun in exchange for drugs is "using" the gun in relation to a drug trafficking crime. See id. at 584-85. The Watson Court explicitly refrained from making a determination about whether receipt of guns in exchange for drugs would constitute possession in furtherance of a drug trafficking crime for purposes of Section 924(c). See id. at 585-86.

In Purnell, the defendant was charged with using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(B). See Purnell, 2008 U.S. App. LEXIS 5301 at *2. He was not charged with possessing a firearm in furtherance of a drug trafficking crime. See id. The evidence presented to support his alleged using and carrying of a firearm during and in relation to a drug trafficking crime was that the defendant received firearms in exchange for giving crack cocaine. See id. The Fourth Circuit, relying on the Watson decision, found this evidence to be insufficient and vacated these convictions. See id. at *2-4. In contrast, in United States v. Woods, the defendant was charged with possession of a firearm in furtherance of a drug trafficking crime. See United States v. Woods, 2008 U.S. App. LEXIS 6212, *18-19 (4th Cir. March 26, 2008). The Fourth Circuit stated that when an individual receives firearms in exchange for drugs, he possesses the firearms in furtherance of a drug trafficking offense

4

even though he has not used the firearms, for purposes of Section 924(c). See Woods, 2008 U.S. App. LEXIS at *19-20.

## A.

In Count 2 of the Third Superseding Indictment, Defendant is charged with conspiracy to use and carry firearms during and in relation to, and to possess firearms in furtherance of a drug trafficking crime. To meet its burden of proof, the Government was required to show beyond a reasonable doubt, "1) an agreement between two or more persons, which constitutes the act; and (2) an intent thereby to achieve a certain objective which, under the common law definition, is the doing of either an unlawful act or a lawful act by unlawful means." United States v. Burgos, 94 F.3d 849, 860 (4th Cir. 1996)(citation omitted). Usually, "[a] conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense. . . . each [conspirator] is responsible for the acts of each other." Salinas v. United States, 522 U.S. 52, 63-64 (1997)(citing United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 253-54 (1940), and Pinkerton v. United States, 328 U.S. 640, 646 (1946)).

At trial, the Government presented substantial evidence which established that Defendant received firearms in exchange for guns on numerous occasions. Evidence at trial included testimony from individuals who were named as part of the conspiracy charged in Count 2. (See Trial Tr. Vol. IV at 1-160.) These individuals testified to stealing firearms and then trading them with Defendant, as payment for drugs. (See Trial Tr. Vol. IV at 9-14, 17-27, 44-45, 47-57, 63-64, 74-87, 88-90, 113, 117-128, 133.) As such, the evidence was sufficient to show that Defendant conspired to possess, as well as possessed, firearms in furtherance of a drug trafficking crime. See Woods, 2008 U.S. App. LEXIS at *19-20. In addition, the testimony of Defendant's co-conspirators clearly established

5

that Defendant's co-conspirators "used" firearms during and in relation to a drug trafficking crime, as set forth in Section 924(c). See Watson, 128 S. Ct. at 584-85. Since Defendant is held responsible for the acts of his co-conspirators, see Salinas, 522 U.S. at 64, it follows that there is sufficient evidence for a rational trier of fact to have found beyond a reasonable doubt that Defendant, not only conspired to possess firearms in furtherance of a drug trafficking crime, but also conspired to use and carry firearms during and in relation to a drug trafficking crime. See Chorman, 910 F.2d at 103. Therefore, the jury verdict with respect to Count 2 is supported by sufficient evidence and will not be overturned. See Smith, 451 F.3d at 217; Perry, 335 F.3d at 320.

## B.

In Counts 3 and 9 of the Third Superseding Indictment, Defendant is charged with both using and carrying a firearm during and in relation to a drug trafficking crime and with possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Defendant is also charged with aiding and abetting in Counts 3 and 9, in violation of 18 U.S.C. § 2. The three elements that the Government was required to show to establish a violation of 18 U.S.C. § 924(c)(1) are: 1) that the Defendant committed a drug trafficking offense; 2) that during the commission of that offense the Defendant knowingly either used or carried a firearm, or possessed a firearm; and 3) that the Defendant either used or carried the firearm "in relation to," or possessed the firearm "in furtherance of" the drug trafficking offense. See 18 U.S.C. § 924(c)(1). To show that Defendant aided and abetted in these offenses, the Government was required to prove beyond a reasonable doubt that Defendant "'knowingly associated himself with and participated in the criminal venture.'" Burgos, 94 F.3d at 873 (quoting United States v. Winstead, 708 F.2d 925, 927 (4th Cir. 1983)). To be convicted of aiding and abetting, an individual does not have to participate in every aspect of the

criminal venture but the government must show that the individual participated at some stage, in a manner that was "'accompanied by knowledge of the result and intent to bring about that result.'" Id. (quoting United States v. Arrington, 719 F.2d 701, 705 (4th Cir. 1983)).

As discussed herein, the evidence at trial regarding Defendant's receipt of firearms in exchange for distributing drugs was substantial. Individuals named in Counts 3 and 9 testified to giving stolen firearms to Defendant for crack cocaine. (See Trial Tr. Vol. IV at 9-14, 17-27, 44-45, 47-57, 63-64, 74-87, 88-90, 113, 117-128, 133.) In addition, certain co-Defendants testified to witnessing Defendant's receipt of firearms in exchange for drugs and even meeting with individuals named in Counts 3 and 9 to facilitate the exchange on behalf of Defendant. (See Trial Tr. Vol. III at 77-78, 89, 149-50.) As such, there was sufficient evidence at trial showing, at a minimum, that Defendant possessed firearms in furtherance of a drug trafficking crime. See Woods, 2008 U.S. App. LEXIS at *19-20.

In addition, the testimony of individuals named in Counts 3 and 9 clearly establish that these individuals used firearms during or in relation to a drug trafficking crime. See Watson, 128 S. Ct. at 584-85. At trial, there was substantial evidence supporting the charge that Defendant aided and abetted these individuals in using firearms during or in relation to a drug trafficking crime. For example, a number of these individuals testified that they would take firearms to Defendant's house to exchange them for drugs. (See Trial Tr. Vol. IV at 14-15, 20, 24-27, 47-52, 83-86, 89-90, 113, 122-23.) These individuals also testified that Defendant or someone on the Defendant's behalf would deliver drugs to them in exchange for guns at hotels and other locations, usually after they called Defendant to arrange such an exchange. (See Trial Tr. Vol IV at 17-19, 44-45, 63-64, 79-81, 126, 131-32.) At least one co-Defendant corroborated this testimony by stating that he had

7

performed an exchange of drugs for guns with individuals named in Counts 3 and 9, on Defendant's behalf. (See Trial Tr. Vol. III at 149-50.) Additionally, testimony from at least three different individuals, two co-Defendants and one individual named in Counts 3 and 9, indicated that Defendant knew what he was participating in and intended to participate by receiving these firearms. (See Trial Tr. Vol. II at 79-81; Vol. III at 77-78; Vol. IV at 128.) As such, there is substantial evidence that shows that Defendant aided and abetted individuals named in Counts 3 and 9, in the use of firearms in furtherance of a drug trafficking crime. See Burgos, 94 F.3d at 873. Therefore, since there is substantial evidence supporting the jury's verdicts on Counts 3 and 9, these verdicts are also upheld. See Perry, 335 F.3d at 320.

### C.

The Government raised an issue regarding the jury instructions for Counts 2, 3, and 9. The specific jury instruction at issue is:

> [t]he terms "use" or "carry" means having a firearm available to assist or aid in the commission of the drug trafficking crime alleged in Count[s] Two[, 3, 8, and 9] of the indictment. In determining whether the defendant used a firearm, consider all of the factors received in evidence in the case including the nature of the underlying drug trafficking crime alleged, the proximity of the defendant to the firearm in question, the usefulness of the firearm to the crime alleged, and the circumstances surrounding the presence of the firearm.
>
> The government is not required to show that the defendant actually displayed or fired the weapon. However, the government is required to prove knowing possession and bearing movement, conveyance, or transportation of the firearm in some manner. The carrying of a firearm cannot be coincidental or unrelated to the drug trafficking crime. The possession may be actual (the firearm is within the offenders's immediate control) or constructive (the defendant exercises dominion or control over the weapon or the place where the weapon is located).
>
> I instruct you that the trading of a firearm for a controlled substance constitutes "use" of such firearm "during and in relation to a drug trafficking crime" within the meaning of 18 U.S.C. § 924(c)(1).

> . . .
>
> The term "during and in relation to" means that the firearm must have some purpose, role, or effect with respect to the drug trafficking crime. In other words, the firearm must facilitate or potentially facilitate the drug trafficking, and its presence must not be the result of accident or coincidence.
>
> . . .

(Jury Instructions at 13-14, 16.)  In addition, the jury was instructed as to Count 2 that:

> [t]he defendant can be found guilty of this offense only if all of the following facts are proved beyond a reasonable doubt:
>
> <u>First</u>: The conspiracy, agreement, or understanding to knowingly use and carry firearms during and in relation to a drug trafficking crime, or to knowingly possess firearms in furtherance of a drug trafficking crime prosecutable in a court of the United States, as described in the Indictment, was formed, reached, or entered into by two or more persons; and
>
> <u>Second</u>: At some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the purpose of the agreement, and then deliberately joined the conspiracy agreement, or understanding.

(<u>Id.</u> at 13.)  The jury was also instructed as to Counts 3, 8, and 9 that:

> [t]he defendant can be found guilty of these offenses only if all of the following facts are proved beyond a reasonable doubt:
>
> <u>First</u>:   that the Defendant committed a drug trafficking offense;
>
> <u>Second</u>: that during the commission of that offense the Defendant knowingly either used or carried a firearm, or possessed a firearm; and
>
> <u>Third</u>:  that the Defendant either used or carried the firearm "in relation to", or possessed the firearm "in furtherance of" the drug trafficking offense.

(<u>Id.</u> at 16.)

At the time of trial, Fourth Circuit precedent dictated that the receipt of firearms in exchange for drugs constituted "use" of firearms for purposes of Section 924(c). See Watson, 128 S. Ct. at 582 n.5. As such, it was appropriate that no objections were made to the jury instructions at trial because the jury instructions accurately reflected the law at the time. After the trial concluded and before the filing of Defendant's motion to dismiss, the Supreme Court held, for the first time, that receiving a firearm in exchange for drugs did not constitute "use" of the firearm for purposes of Section 924(c). See id. at 586. Therefore, an issue regarding the effect of these jury instructions is now before the court.

Generally, when a defendant fails to object to jury instructions during the trial, an appellate court's review is for plain error. See United States v. Hastings, 134 F.3d 235, 239 (4th Cir. 1998) (citing Fed. R. Crim. P. 52(b) and United States v. Olano, 507 U.S. 725, 731-32 (1993)). To establish the "authority to notice an error not preserved by a timely objection, [the defendant] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." See Hastings, 134 F.3d at 239 (citing Olano, 507 U.S. at 732 and United States v. Cedelle, 89 F.3d 181, 184 (4th Cir. 1996)). A defendant's conviction should be reversed on plain error review "only upon a showing that 'the error does affect substantial rights,' that is, that the error actually affected the outcome of the proceedings." Id. at 240 (quoting Olano, 507 U.S. at 734). To show that his substantial rights were affected, a defendant must show "that the jury actually convicted him based upon an erroneous understanding of the term 'use'." Id. at 243 (citing United States v. Turcks, 41 F.3d 893, 898-99 (3d Cir. 1994)). In other words, a defendant must show that the erroneous jury instruction resulted in his conviction, not just that it is impossible to tell whether the jury's verdict rested solely on the erroneous instruction. See id.

10

As discussed herein, the law regarding whether receipt of firearms in exchange for drugs constituted "use" of firearms for purposes of Section 924(c) changed after trial but before Defendant's motion to dismiss was filed. When "'the law at trial was settled and clearly contrary to the law at the time of appeal [or time that a post-trial motion is considered],'" the error in jury instructions is plain because any objection by the defendant at trial would have been indefensible. Hastings, 134 F.3d at 239-240 (quoting Johnson v. United States, 520 U.S. 461 (1997)). As such, the error in this case was plain. Nevertheless, to succeed on his motion to dismiss, Defendant must also show that the error actually resulted in his conviction, not just that it is impossible to tell whether the jury's verdict rested only on the erroneous instruction. See id. at 243. Defendant has not met this burden.

In this case, in addition to being charged that trading of firearms for drugs constituted "use" within the meaning of Section 924(c), the jury was instructed that to meet its burden on the Section 924(c) counts, the Government could alternatively show that the Defendant knowingly "possessed" the firearm in furtherance of a drug trafficking crime. In other words, the jury was instructed that in order to find Defendant guilty on Counts 2, 3, and 9, the jury would need to determine whether the Government proved beyond a reasonable doubt that Defendant either "used" or carried a firearm during and in relation to a drug trafficking crime, or "possessed" a firearm in furtherance of a drug trafficking crime. As discussed, there was ample evidence presented at trial showing Defendant's possession of firearms in furtherance of a drug trafficking crime. As such, the most Defendant has shown is that it is impossible to tell whether the jury's verdict rested solely on the erroneous instruction regarding "use" of a firearm. Therefore, Defendant has failed to meet his burden on plain error review and his conviction on Counts 2, 3, and 9 will stand. See Hastings, 134 F.3d at 243.

CONCLUSION

For the reasons stated herein, Defendant's second motion to dismiss the counts charging violations of 18 U.S.C. § 924, specifically Counts 2, 3, and 9 (Entry 822) is **denied.**

**IT IS SO ORDERED.**

                                          s/ Margaret B. Seymour
                                          Margaret B. Seymour
                                          United States District Judge

Columbia, South Carolina
August 21, 2008